**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, *et al.*, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:16-CV-396-JEM |
| MAJOR LEAGUE TRUCKING LLC, Defendant. | ) ) ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment [DE 16], filed on February 22, 2017, a Motion to Strike Evidence of Settlement Agreement [DE 19], filed by Defendant on March 9, 2017, and a Motion for Leave to File Counterclaims [DE 28], filed by Defendant on June 23, 2017.

**I. Procedural Background**

On September 12, 2016, Plaintiffs, Trustees of the Teamsters Union No. 142 Pension Fund, Trustees of the Teamsters Union No. 142 Training and Apprenticeship Fund, and Trustees of the Teamsters Union No. 142 Annuity Fund, filed their Complaint against Defendant Major League Trucking, LLC, for delinquent contributions pursuant to the Employment Retirement Income Security At of 1974 (ERISA). On November 23, 2016, the parties represented to the Court that they had reached an agreement as to payments so that no discovery was needed in the case.

The instant Motion for Summary Judgment was filed on February 22, 2017. Defendant filed the instant Motion to Strike on March 9, 2017. Plaintiffs filed a response on March 14, 2017, and on March 21, 2017, Defendant filed its reply. Defendant responded to the Motion for Summary Judgment on March 20, 2017, and on April 4, 2017, Plaintiffs filed their reply.

On June 23, 2017, Defendant filed the instant Motion for Leave to File Counterclaims.

Plaintiffs responded on June 30, 2017, and Defendant filed its reply on July 7, 3017.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.  Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted). To demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588

F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

### III.  Undisputed Material Facts

On July 25, 2014, Defendant entered into a Collective Bargaining Agreement ("CBA") with Plaintiffs. Defendant employed persons represented for collective bargaining purposes by Local No. 142 of the International Brotherhood of Teamsters ("the Union"). In its Answer to the Complaint, Defendant admits that it is a party to the CBA and was bound by its terms and agreements. *See* Def. Answer, ¶¶ 6, 7. The CBA requires Defendant to make periodic contributions on behalf of its employees to the Pension Trust Fund, the Annuity Fund, and the Training Trust Fund, in amounts established by the CBA. From June 1, 2014, through May 31, 2017, Defendant was required to contribute to the Training Trust Fund at the rate of $.40. The CBA provides that from June 1, 2014, through May 31, 2015, Defendant was required to contribute to the Pension Trust Fund at the rate of $8.87, with the amount for the following years to be determined. Similarly, from June 1, 2014, through May 31, 2015, it was required to contribute to the Annuity Fund at the rate of $3.80, with the amount for the following years to be determined.

A payroll audit was conducted on June 16, 2016, and determined that Defendant owed $1,360.80 to the Pension Fund, $57.80 to the Training and Apprenticeship Fund, and $576.85 to the Annuity Fund in contributions owed from April 17, 2015, through March 31, 2016. Plaintiffs were billed $1,900.00 for the payroll audit. Defendant failed to pay the amounts claimed in the payroll audit and failed to make contributions to the Pension Trust Fund or complete contributions to the

Annuity fund for May through August, 2016, accruing an additional $48,611.62 due to the Pension Fund and $17,411.85 due to the Annuity Fund, as well as interest on those delinquent contributions and interest to the Training Trust Fund for amounts paid late. Since November 14, 2016, Defendant has made some payments toward its past due amounts, but has not fully paid for the amounts due, interest, attorney fees, or liquidated damages.

As a signatory to the CBA, Defendant is bound by the Restated Agreement and Declaration of Trust ("Trust Agreement"). The Trust Agreement provides that if Defendant is found to be delinquent in contributions, Plaintiffs, as the Trustees, are at liberty to take any steps necessary to collect the funds and Defendant shall pay the costs of an audit, interest on all moneys due, liquidated damages, and attorney fees and costs. In addition, the Trust Agreement and Employer Contribution Collection Policy ("Collection Policy") requires Defendant to pay ten percent per annum interest on any unpaid contributions, and to pay liquidated damages in the sum of twenty percent of the total amount due, as well as attorney and audit fees.

As of the date of Plaintiffs' reply brief, the total amount owed to the Pension Fund was $45,461.40 in unpaid contributions and $3,681.50 in accrued interest. The total amount owed to the Training Fund was $54.40 in unpaid contributions and $78.79 in accrued interest. In addition, Defendant owed $13,810.08 in liquidated damages, $1,900.0 in audit costs, and $7,877.12 in attorney fees and costs, for a total of $72,863.29.

**IV. Analysis**

    A. <u>Motion to Strike</u>

Defendant argues that the Agreement for Payment of Contributions and Additional Amounts Owed, submitted by Plaintiffs in support of their Motion for Summary Judgment at [DE 17-5],

should be stricken as a settlement agreement, inadmissible to prove amounts or liabilities.

Federal Rule of Evidence 408 provides, with certain exceptions that are not relevant in this case:

> Evidence of the following is not admissible--on behalf of any party--either to prove or disprove the validity or amount of a disputed claim . . . or to impeach by a prior inconsistent statement or a contradiction: . . . furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim.

Fed. R. Evid. 408(a)(1).

Defendant argues that the Agreement for Payment of Contributions and Additional Amounts Owed, Exhibit 1-D to Plaintiffs' Motion for Summary Judgment [DE 17-5] is a settlement agreement because it is a result of compromise negotiations which included language about working toward a settlement. Plaintiffs argue that the agreement is a payment plan, not a settlement agreement. They point out that the Agreement does not resolve the lawsuit, but merely paused the litigation to give Defendant time to make payments. Plaintiffs argue that they did not compromise their claim to allow Defendant to pay less than the amount owed, nor did Defendant deny liability or otherwise dispute the amounts. Defendant argues that it conceived of the Agreement as being made for settlement purposes.

The Court agrees that it appears that, although the Agreement is not titled a Settlement Agreement, it is being offered to prove the validity of a disputed claim and includes an agreement to dismiss the case with prejudice if the terms are complied with, so it is stricken, and no facts supported only by this document are reflected in the material facts.

    B.    <u>Summary Judgment</u>

Plaintiffs argues that they are entitled to summary judgment on their claims against

Defendant. Defendant asserts generally that "[n]o Discovery has been done in this case," but does not move for postponement of a ruling on the instant Motion pursuant to Federal Rule of Civil Procedure 56(d), nor does it provide sufficient information to support such a motion. Fed. R. Civ. P. 56(d) (providing that if the party opposing summary judgment "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."); *see also Yuan Xie v. Hospira, Inc.*, No. 10 C 6777, 2011 WL 1575530, at *2 (N.D. Ill. Apr. 27, 2011) ("Rule 56(d) 'is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious,'" but the party invoking it must show "'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'") (quoting *Lamb's Patio Theatre v. Universal Film Exch.*, 582 F.2d 1068, 1071 (7th Cir. 1978)) (other citations omitted). Accordingly, the Court will address the merits of Plaintiffs' arguments.

Plaintiffs, as trustees of the benefit funds, allege that Defendant has failed to pay its contributions to those funds as required by their collective bargaining agreement. Plaintiffs argue that Defendant has not communicated any dispute as to amounts that have accrued, and therefore judgment is appropriate. Defendant denies being behind in contributions and argues generally that the audit and calculations of amounts due are incorrect. It attaches an affidavit from a representative of Defendant asserting that he denies being behind in contributions and disputes the results of the audit performed by Plaintiffs. Defendant does not include any explanation of its dispute other than the affidavit. However, as Plaintiffs point out in their reply, mere conclusory denials, without

6

evidence supporting Defendant's disputes of Plaintiffs' material facts, are insufficient. The party contesting summary judgment has an obligation "to highlight which factual averments are in conflict as well as what record evidence there is to confirm the dispute." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921-922 (7th Cir. 1994); *see also Little v. Cox's Supermkts*, 71 F.3d 637, 641 (7th Cir. 1995). Indeed, "summary judgment 'is the "put up or shut up" moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events.'" *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003) (quoting *Schacht v. Wis. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir.1999)). In this case, Defendant's response contains no evidence, not even evidence within its control, such as dates of payments, copies of checks, or even a description of the time line on which it made payments to Plaintiffs. Its vague denial is insufficient to show that there is a genuine issue for trial.

In short, Defendant has not raised any genuine issue of material fact in response to the instant Motion, and the law supports judgment in favor of the Plaintiffs. Plaintiffs have provided an affidavit along with supporting documentation of the amounts it is owed by Defendant. Pursuant to the Employment Retirement Income Security Act, an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. "ERISA essentially imposes a federal obligation on employers who contractually agree to contribute to employee pension plans. " *Sullivan v. Cox*, 78 F.3d 322, 324 (7th Cir. 1996). In a successful action to enforce Section 1145,

> the court shall award the plan--
> (A) the unpaid contributions,

> > (B) interest on the unpaid contributions,
> > (C) an amount equal to the greater of--
> > > (i) interest on the unpaid contributions, or
> > > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> > (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> > (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Transp., Inc.*, 183 F.3d 623, 629 (7th Cir. 1999) ("[U]nder the statute [29 U.S.C. § 1132(g)(2)], the appropriate remedy is the delinquent contributions, interest, attorneys fees, and amount equal to the greater of interest (again) or liquidated damages.").

In this case, Defendant has been bound to the CBA, and thereby to the Trust Agreement and Collection Policy. Defendant does not dispute that it was obligated to make contributions to the funds, but issues a blanket denial that it was behind on contributions. However, through the audit and other documents, and with no evidence presented to the contrary, Plaintiffs have demonstrated that they are owed $45,515.80 in unpaid contributions, $3,760.29 in interest, $9,777.12 in attorney and audit fees, and $13,810.08 in liquidated damages. As a result, the total amount owed to Plaintiffs by Defendant as of April 4, 2017, is $72,863.29, and judgment in that amount is appropriate as a matter of law.

### C. Amend Answer and Add Counterclaims

Defendant seeks leave of Court to amend its pleadings and add a number of counterclaims, including new counterclaim plaintiff and a counterclaim defendant who are not currently parties to this case. Plaintiffs object to the request.

Local Rule 15-1 provides, "Motions to amend a pleading must include the original signed proposed amendment as an attachment." N.D. Ind. L.R. 15-1(a). Defendant only attached the proposed counterclaims, not its entire amended answer, an incorporation by reference that is prohibited by Local Rule 15-1(b). However, the Court will not deny the request solely on the basis of Defendant's failure to comply with the Local Rules, and turns to the merits of Defendant's request.

Federal Rule of Civil Procedure 15(a) provides that, when a party seeks leave to amend a pleading, the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, if the underlying facts or circumstances relied upon by a plaintiff are potentially a proper subject of relief, the party should be afforded an opportunity to test the claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990). However, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman*, 371 U.S. at 183).

Furthermore, when a counterclaim plaintiff seeks to add new parties through an amended complaint, Federal Rule of Civil Procedure 20 is implicated. *See Chavez v. Ill. St. Police*, 251 F.3d 612, 631-32 (7th Cir. 2001). It provides that new plaintiffs – or, in this case, counterclaim plaintiffs – may be joined to an action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions

9

or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Similarly, counterclaim defendants may likewise be added if the right to relief asserted against them is arising out of the same series of occurrences and there are common questions of law and fact. Fed. R. Civ. P. 20(a)(2). "The standard for permissive joinder under Rule 20 is liberal," *Eclipse Mfg. Co. v. M & M Rental Ctr., Inc.*, 521 F. Supp. 2d 739, 744 (N.D. Ill. 2007), and "courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 (3d ed. 2001); *see also Chavez*, 251 F.3d at 632; *Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994).

In this case, Defendant did not move for leave to amend until four months after the motion for summary judgment was filed, without any explanation for the delay, although it indicates in its reply brief that the counterclaims only matured three months prior to the filing of the instant Motion. Plaintiffs will be prejudiced by the granting of the amendment, as they have prosecuted the case as-is since its filing almost a year ago. Defendant seeks to add Johnny McClendon, a member of Teamsters Union Local No. 142 and of Major League Trucking, LLC, as a counterclaim plaintiff, and Teamsters Union Local No. 142 as a counterclaim defendant. The underlying Complaint includes claims for delinquent benefit fund contributions, but the proposed Counterclaims have to do with disputes between Defendant and a customer that allegedly were instigated by the Union. There is no assertion that the new parties were involved in the alleged delinquencies, except for an allegation that the customer's failure to pay Defendant made it difficult for Defendant to pay its contributions. There is no common question of law or fact between the myriad new claims

involving new parties and the original claim that Defendant was delinquent in its contributions to the plaintiff funds. Indeed, rather than delay, inconvenience, and added expense arising from a *failure* to add the proposed counterclaims, *granting* the instant Motion will lead to delay, inconvenience and add expense to the parties and the Court. Plaintiffs will be prejudiced in its collection of delinquent contributions if the counterclaims are allowed to proceed at this late stage of litigation. As these are not compulsory counterclaims nor are the new parties indispensable to the claims in the Complaint, Defendant is not precluded from litigating these claims separately in a proper forum and therefore will not suffer undue prejudice from the denial of its Motion.

**V.    Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiffs' Motion for Summary Judgment [DE 16], **GRANTS** the Motion to Strike Evidence of Settlement Agreement [DE 19], and **DENIES** the Motion for Leave to File Counterclaims [DE 28].

Plaintiffs are entitled to payment in the amount of $72,863.29 from Defendant Major League Trucking, LLC. The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of the Plaintiffs and against the Defendant in that amount.

SO ORDERED this 29th day of August, 2017.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:    All counsel of record